UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
THOMAS GESUALDI, ANTHONY D'AQUILA,
LOUIS BISIGNANO, MICHAEL O'TOOLE,
BENNY UMBRA, JOSEPH FERRARA,
FRANK FINKEL, MARC HERBST, DENISE
RICHARDSON, and THOMAS CORBETT, as
Trustees and Fiduciaries of the Local 282
Welfare Trust Fund, the local 282 Pension
Trust Fund, the Local 282 Annuity Trust
Fund, the Local 282 Vacation and Sick
Leave Trust Fund,

**MEMORANDUM
AND ORDER**

CV 13-5429 (JS) (AKT)

                    Plaintiffs,

        - against -

TRI=STATE SOIL SOLUTIONS, LLC,

                    Defendant.
-----------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      This action was commenced on October 1, 2013 by Plaintiffs Thomas Gesualdi, Anthony D'Aquila, Louis Bisignano, Michael O'Toole, Benny Umbra, Joseph Ferrara, Frank Finkel, Marc Herbst, Denise Richardson, and Thomas Corbett, as Trustees and Fiduciaries of the Local 282 Welfare, Pension, Annuity, Job Training, and Vacation and Sick Leave Trust Funds (collectively, "Plaintiffs") against Defendant Tri-State Soil Solutions, LLC ("Defendant"). *See generally* Plaintiffs' Complaint ("Compl.") [DE 1]. Plaintiffs brought this action pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132(a), 1145, ("ERISA") and Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, ("LMRA") to recover unpaid contributions, interest, liquidated damages, and attorneys' fees and costs from Defendant. *See id.*

On September 19, 2014, Plaintiffs moved for a default judgment against Defendant, and that motion was subsequently referred to this Court by Judge Seybert for a Report and Recommendation. *See* September 22, 2014 Referral Order of Judge Seybert [DE 29]. Following the submission of additional information by Plaintiffs to support their demand for relief, *see* DE 30, DE 32-33, this Court issued a Report and Recommendation on August 3, 2015 recommending to Judge Seybert that (1) default judgment be entered against the Defendant, and (2) Plaintiffs be awarded unpaid pension contributions with corresponding interest, liquidated damages, attorneys' fees, costs, and expenses. *See generally* August 8, 2015 Report and Recommendation [DE 35]. Specifically, the Court recommended that Plaintiffs be awarded $123,533.13 in unpaid contributions; $83,650.13 in interest on the unpaid contributions, with interest accruing at $60.911 per diem from September 20, 2014 through the date of judgment; $68,203.26 in liquidated damages, with liquidated damages at $60.911 per diem from September 20, 2014 through the date of judgment; $33,731.75 in attorneys' fees; and $27,195.18 in costs and expenses. *See id*. at 37-38. On September 23, 2015, Judge Seybert adopted the Report and Recommendation in its entirety. *See* DE 37. Default judgment against Defendant was entered on September 28, 2015. *See* DE 39.

Presently before the Court is Plaintiffs' letter motion seeking to compel the President of Defendant, Manuel Raza ("Raza" or "Mr. Raza") to appear for a post-judgment deposition for purposes of enforcing the default judgment. *See* Plaintiffs' Motion for Order Compelling Deposition and Production ("Pls.' Mot.") [DE 45]. Plaintiffs state that Raza failed to appear for a duly-noticed deposition that was scheduled to be held on August 25, 2016, despite the fact that Mr. Raza was personally served with a deposition subpoena on July 27, 2016. *See id.* Plaintiffs attach an affidavit of personal service indicating that Mr. Raza was indeed served with the

deposition subpoena.  *See* DE 45-2.  Stating that "Mr. Raza['s] testimony is essential for the Plaintiffs to obtain information necessary to enforce the default judgment entered in this matter," Plaintiffs now "request that the Court issue an order compelling Mr. Raza to appear for a post-judgment asset deposition at the office of Trivella & Forte, LLP at [a specified time and location] to produce the documents requested in the subpoena."  Pls.' Mot.  For the following reasons, Plaintiffs' motion is GRANTED.

"[B]road post-judgment discovery in aid of execution is the norm in federal and New York state courts.  Post-judgment discovery is governed by Federal Rule of Civil Procedure 69, which provides that '[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located.'"  *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012), *aff'd sub nom. Republic of Argentina v. NML Capital, Ltd.*, 134 S. Ct. 2250, 189 L. Ed. 2d 234 (2014) (quoting FED. R. CIV. P. 69(a)(2)); *see First City, Texas Houston, N.A. v. Rafidain Bank*, 281 F.3d 48, 54 (2d Cir. 2002) ("Discovery of a judgment debtor's assets is conducted routinely under the Federal Rules of Civil Procedure.") (citing FED. R. CIV. P. 69(a)).  "The scope of discovery under Rule 69(a)(2) is constrained principally in that it must be calculated to assist in collecting on a judgment."  *EM Ltd.*, 695 F.3d at 207 (citing FED. R. CIV. P. 26(b)(1)); *see Night Hawk Ltd. v. Briarpatch Ltd.*, 03 Civ. 1382, 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003) ("The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings."); *see also Salvatorie Studios, Int'l v. Mako's Inc.*, 01 Civ. 4430, 2001 WL 913945, at *1 (S.D.N.Y. Aug. 14, 2001).

While Rule 69 of the Federal Rules of Civil Procedure authorizes post-judgment discovery "as provided in these rules," Rule 37 in turn authorizes "a party [to] move to compel a discovery response when an opposing party fails to comply with a discovery request." *Automobile Club of New York, Inc. v. Port Authority of New York and New Jersey*, No. 11 Civ. 6746, 2012 WL 4791804, at *5 (S.D.N.Y. Oct. 9, 2012). "Such a motion must identify responses to requests believed to be inadequate, and provide explanation as to why those responses are inadequate." *Id.* (citing *Lawrence v. Artuz,* No. 00 Civ. 0721, 2001 WL 185039, at *1 (S.D.N.Y. Feb. 26, 2001); *LaBounty v. Coombe,* No. 95 Civ. 2617, 1996 WL 30291, at *2 (S.D.N.Y. Jan. 24, 1996)).

In the instant post-judgment proceedings, Plaintiffs claim that Mr. Raza's "testimony is essential for the Plaintiffs to obtain information necessary to enforce the default judgment." Pls.' Mot. Mr. Raza failed to appear at his deposition, held on August 25, 2016, despite being personally served with a Rule 45 deposition subpoena, *see* DE 45-1, DE 45-3, and neither Mr. Raza nor his counsel have contacted Plaintiffs with regard to rescheduling the deposition. Pls.' Mot. The Court is satisfied that the testimony of Mr. Raza's, as the President of the default Defendant and judgment debtor, is relevant to enforcement of the default judgment, and is thus discoverable as squarely within the scope of Federal Rule of Civil Procedure 26(b)(1). Given the routine use of "broad post-judgment discovery in aid of execution" in this Circuit, *EM Ltd.*, 695 F.3d at 207, and the fact that the testimony Plaintiffs seek is germane to the enforcement of the default judgment, the Court GRANTS Plaintiffs' motion for an order compelling Mr. Raza's appearance for his deposition.

Consequently, it is hereby

**ORDERED,** that MANUEL RAZA is directed to appear in person for a post-judgment asset deposition at the office of Trivella & Forte, LLP, 1311 Mamaroneck Avenue, Suite 170, White Plains, NY 10605, on April 12, 2018 at 10 a.m.; and it is further

**ORDERED,** that Manuel Raza is directed to produce documents responsive to Plaintiffs' July 14, 2017 subpoena by no later than April 5, 2018 at 5 p.m. to the office of Trivella & Forte, LLP, 1311 Mamaroneck Avenue, Suite 170, White Plains, NY 10605; and it is further

**ORDERED**, that Plaintiffs' counsel shall serve a copy of this Order on Manuel Raza by overnight mail and first-class mail by March 26, 2018, and shall file proof of such service on ECF no later than March 28, 2018.

**MANUEL RAZA IS HEREBY ON NOTICE THAT ANY FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN FURTHER ACTION OF THE COURT, UP TO AND INCLUDING THE PROSPECT OF CONTEMPT PROCEEDINGS BEING BROUGHT.**

Dated: Central Islip, New York
        March 22, 2018

**SO ORDERED.**

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge