```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
THOMAS GESUALDI, ANTHONY D'AQUILA,
LOUIS BISIGNANO, MICHAEL O'TOOLE,
BENNY UMBRA, JOSEPH FERRARA,                 MEMORANDUM & ORDER
FRANK FINKEL, MARC HERBST, DENISE            13-CV-5429(JS)(AKT)
RICHARDSON, and THOMAS CORBETT,
as Trustees and Fiduciaries of the
Local 282 Welfare, Pension, Annuity,
Job Training, and Vacation and Sick
Leave Trust Funds,

                    Plaintiffs,

          -against-

TRI-STATE SOIL SOLUTIONS, LLC,

                    Defendant.
----------------------------------------X
APPEARANCES
For Plaintiffs:     Arthur Joseph Muller, Esq.
                    Trivella & Forte LLP
                    1311 Mamaroneck Avenue
                    White Plains, NY 10605

For Defendant:      No Appearances.
```

SEYBERT, District Judge:

Pending before the Court is Plaintiffs' motion seeking to hold Defendant Tri-State Soil Solutions ("Defendant") and its principal Manual Raza ("Raza") in contempt for failing to comply with their post-judgment discovery obligations, (Mot. to File, Docket Entry 53), and this Court's September 4, 2018 Electronic Order (see Sept. 4, 2018 Elec. Order, Docket Entry 46).

BACKGROUND

The Court assumes familiarity with this case. In short, Plaintiffs commenced this action on October 1, 2013. (Complaint, Docket Entry 1). Defendant never appeared. On September 23, 2015, this Court directed the Clerk of the Court to enter a default judgment in the amount of $380,874.87 against Defendant (Mem. & Order Adopting R&R, Docket Entry 37), which the Clerk entered on September 28, 2015 (Default J., Docket Entry 39). On March 22, 2018, Judge A. Kathleen Tomlinson granted Plaintiffs' motion to compel Raza to appear for a deposition and produce documents related to Plaintiffs' efforts to get Defendant to satisfy the judgment. (See March 22, 2018 Mem. & Order ("Order to Compel"), Docket Entry 46.) Raza did not appear and did not respond.

By Electronic Order dated September 4, 2018, this Court granted Plaintiffs' motion for contempt and ordered Defendant and Raza to show cause on or before September 28, 2018 why they should not be held in contempt of court for failure to comply with Judge Tomlinson's Order to Compel. The Court advised Defendant and Raza "that failure to respond to this Electronic Order will result in further action by the Court, including contempt proceedings. If the Court ultimately finds Defendant and Mr. Raza to be in contempt, Plaintiffs will be granted leave to submit an application for fees and costs at that time." (See Sept. 4, 2018 Elec. Order.)

Each Order and motion discussed here was served on Defendant, but Defendant and Raza have still not appeared or responded.

Plaintiffs now ask this Court to adjudicate Defendant and Raza in contempt of court and grant Plaintiffs leave to submit an application for fees and costs together with a proposed order for Raza's arrest if he does not comply.  (<u>See</u> Oct. 15, 2018 Letter Mot., Docket Entry 53.)

### DISCUSSION

"A party may be held in civil contempt for failure to comply with a court order if '(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner.'" <u>Utica Coll. v. Gordon</u>, 389 F. App'x 71, 72 (2d Cir. 2010) (quoting <u>Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.</u>, 369 F.3d 645, 655 (2d Cir. 2004)).

All three conditions are met here.  Judge Tomlinson's Order to Compel was clear and unambiguous.[1]  This Court's

---

[1] The Order to Compel reads as follows:
   Consequently, it is hereby
   ORDERED, that MANUEL RAZA is directed to appear in person for a postjudgment asset deposition at the office of Trivella & Forte, LLP, 1311 Mamaroneck Avenue, Suite 170, White Plains, NY 10605, on April 12, 2018 at 10 a.m.; and it is further
   ORDERED, that Manuel Raza is directed to produce documents responsive to Plaintiffs' July 14, 2017 subpoena by no later than April 5, 2018 at 5 p.m. to the office of Trivella & Forte,

3

subsequent Electronic Order directing Defendants and Raza to show cause why they should not be held in contempt was similarly clear. Defendant and Raza have failed to comply with the Orders, and there is no suggestion that Defendant or Raza have made any attempts to comply.

"Civil contempt sanctions may be tailored either to 'secure future compliance with court orders' ("coercive sanctions") or to 'compensate the party that has been wronged' ("compensatory sanctions")." Friedman v. Self Help Comty. Servs., Inc., 11-CV-3210, 2018 WL 4954109, at *2 (E.D.N.Y. Oct. 12, 2018), quoting Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc., 369 F.3d 645, 657 (2d Cir. 2004).  The Court finds that sanctions are necessary to secure Defendant and Raza's compliance with this Court's Orders.

Accordingly, Plaintiffs' motion to file (Docket Entry 53) is GRANTED to the extent discussed below.

---

LLP, 1311 Mamaroneck Avenue, Suite 170, White Plains, NY 10605; and it is further
    ORDERED, that Plaintiffs' counsel shall serve a copy of this Order on Manuel Raza by overnight mail and first-class mail by March 26, 2018, and shall file proof of such service on ECF no later than March 28, 2018.
    MANUEL RAZA IS HEREBY ON NOTICE THAT ANY FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN FURTHER ACTION OF THE COURT, UP TO AND INCLUDING THE PROSPECT OF CONTEMPT PROCEEDINGS BEING BROUGHT.  (Order to Compel at 4-5.)

4

CONCLUSION

Based on the foregoing discussion, Plaintiffs' motion for contempt (Docket Entry 53) is GRANTED to the extent outlined here: Defendant and its principal Raza are adjudicated in contempt of court. All parties are DIRECTED TO APPEAR before this Court on December 17, 2018 at 2:00 p.m. in Courtroom 1030. **If Raza does not appear on December 17, 2018, the Court will issue a warrant for his arrest.** The Cadle Co. v. Valdez, No. 96-CV-7373, 2008 WL 1959528, at *1 (S.D.N.Y. May 5, 2008) ("A person in contempt may be incarcerated in the endeavor to obtain compliance with court orders enforcing discovery rules.").

Plaintiffs are directed to immediately serve this Order on Defendant and Raza **via personal service and file proof of service with the Court within seven (7) days of the date of this Order**. Defendant shall be liable for Plaintiff's reasonable attorneys' fees incurred in prosecuting this contempt motion.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: November 20, 2018
       Central Islip, New York

5